**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **GINETTE BONE** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 14-2788** |
| **POLICE OFFICER KELLI DUNNAWAY, POLICE OFFICER JOHN DOE, AND THE CITY OF NEW ORLEANS** | * * | **SECTION: I (5)** |

***   *   *   *   *   *   *   ***

## STATEMENT OF UNCONTESTED MATERIAL FACTS

The following is a statement of material facts that are not contested:

1. On December 14, 2013, Officer Dunnaway was flagged down to break up a confrontation outside of Felipe's restaurant in the French Quarter. *See* Deposition of Kelli Dunnaway ("Dunnaway Dep."), attached as Exhibit 1, at 13:16-14:4.[1]

2. Officer Dunnaway encountered Plaintiff and four women engaged in a verbal altercation, which Officer Dunnaway believed would escalate into a physical altercation if not broken up. *Id.* at 25:22-26:3.

3. After interviewing the parties involved, Officer Dunnaway learned that the incident began when Plaintiff picked up trash from the street and caused the trash to come into contact with a white range rover belonging to the four women. *Id.* at 20:5-20:8.

4. Whitney Pajeaud, who was sitting inside the range rover, informed Officer Dunnaway that Plaintiff had thrown the trash at the range rover. *See* July 3, 2015 Declaration of

1. For each deposition submitted as an exhibit, the relevant excerpts are included as the first pages. Additionally, the entire deposition is attached for the Court's convenience.

Whitney Pajeaud ("Pajeaud Decl.") attached as Exhibit 2, at ¶¶2-11.

5. Based on the totality of the circumstances, Officer Dunnaway determined that municipal summons should be issued to all parties involved for disturbing the peace. *See* Exhibit 1, Dunnaway Dep., at 20:19-21:2.

6. Officer Dunnaway explained to Plaintiff that if she did not cooperate with the officers and sign the summons, the officers would have no choice but to arrest her. *See* Exhibit 2, Pajeaud Decl. at ¶14; *see also* Exhibit 1, Dunnaway Dep., at 36:23-37:5.

7. When Officer Dunnaway asked Plaintiff to sign a summons Plaintiff refused, began yelling loudly, and caused further disturbances. *See* Exhibit 2, Pajeaud Decl. at ¶15; *see also* Exhibit 1, Dunnaway Dep., at 34:15-35:4.

8. Plaintiff has admitted to telling the police, "you must be joking," and then walking away from them. (R. Doc. 1, at ¶9).

9. Officer Jones grabbed Plaintiff and held her in place while Plaintiff was handcuffed. *See* Deposition of Bryan Jones, attached as Exhibit 5, at 30:17-31:5.

10. Ms. Pajeaud stated that "the police officers absolutely did not hit or abuse" Plaintiff. *See* Exhibit 2, Pajeaud Decl. at ¶19.

11. Plaintiff explained that the only injuries she sustained from the incident entailed "just bruising." *See* Exhibit 3, Plaintiff Dep., at 34:25-35:2.

12. Less than three hours after her arrest, Plaintiff was observed with no obvious injuries, and she stated: "I'm good." *See* Orleans Parish Sheriff's Office Medical Intake Screening #2376797, attached as Exhibit 6, at 1(¶A.1), 2(¶B.13).

Respectfully submitted,

/s/Gregory J. Feeney

**GREGORY J. FEENEY, #35123 (Lead Counsel)**
ASSISTANT CITY ATTORNEY
**MATTHEW D. FRASER, #31730**
ASSISTANT CITY ATTORNEY
**CHURITA H. HANSELL, #25694**
DEPUTY CITY ATTORNEY
**CHERRELL R. SIMMS, #28227**
SR. CHIEF DEPUTY CITY ATTORNEY
**SHARONDA R. WILLIAMS, LSB #28809**
CITY ATTORNEY
1300 Perdido Street
City Hall – Room 5E03
New Orleans, Louisiana 70112
Telephone: (504) 658-9800
Facsimile: (504) 658-9868

*Counsel for Police Officer Kelli Dunnaway, Police Officer Bryan Jones, and the City of New Orleans*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 7, 2015, I electronically filed the foregoing with the Court by using the CM/ECF system, which will send a Notice of Electronic filing to all counsel of record.

/s/Gregory J. Feeney